# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-22165-GAYLES/SELTZER

Luis Sal-Bey,

                    Plaintiff,

v.

Hunter Warfield, Inc.,

                    Defendant.

                                                    /

### ORDER

**THIS CAUSE** comes before the Court on Defendant Hunter Warfield, Inc.'s Motion to Dismiss [ECF No. 4] (the "Motion"). The Court has reviewed the briefing, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND

Plaintiff Luis Sal-Bey sued Defendant alleging that Defendant, a debt collector, erroneously reported an unpaid account in collection status on his credit report.[1] Plaintiff discovered the error when he obtained copies of his TransUnion and Experian credit reports. Defendant's improper report negatively impacted Plaintiff's credit score. Plaintiff claims that Defendant reported the collection account in error, as he has never done any business and had no contract with Defendant. Plaintiff first tried to remove the charge by sending three Notices of Dispute to Defendant through certified mail. Defendant did not respond. Plaintiff then filed this suit claiming damages resulting from his improperly perceived bad credit and emotional distress.

---

[1] The Court must accept Plaintiff's allegations as true for purposes of Defendant's 12(b)(6) Motion. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Defendant removed this case from state court and filed the instant Motion, which is now ripe for review.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

### I.     Count I: Violations of Florida Regulation 69J-128.022

Plaintiff's first claim arises under Florida Regulation 69J-128.022, titled Protection of Fair Credit Reporting Act. Plaintiff asserts that this regulation protects consumers from negligent credit reporting practices. Defendant counters that the regulation does not contain a private right of action and is unrelated to Plaintiff's claims.

Defendant is correct as to both arguments. First, the regulation does not provide litigants with a private cause of action. It states in its entirety:

> Nothing in these rules shall be construed to modify, limit or supersede the operation of the federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), and no inference shall be drawn on the basis of the provisions of these rules regarding whether information is transaction or experience information under Section 603 of that Act.

Fla. Admin. Code Ann. r. 69J-128.022. Nothing in this text suggests that the Florida legislature intended to provide litigations with a private right to sue. *See In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1298–99 (S.D. Fla. 2003) ("[A] legislature's enactment of regulatory standards and a corollary scheme of administrative enforcement does not alone demonstrate intent to afford parallel private remedies.") (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). The Court is not empowered to create a private cause of action where the Florida legislature did not.[2] *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992) (noting that courts are "reluctan[t] to read private rights of action in state laws where state courts and state legislatures have not done so") (quoting *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791, 795 (11th Cir. 1989)).

Moreover, the regulation is wholly unrelated to Plaintiff's credit reporting claims, as the regulation concerns preemption issues. [ECF No. 1-4, ¶¶ 27–36]. And, even liberally construing his claims as ones brought under the Fair Credit Reporting Act ("FCRA"), Plaintiff has not pled with specificity the provisions Defendant violated and how Defendant is liable.

For these reasons, Plaintiff's first claim is dismissed without prejudice.

## II.        Count II: Violations of the Florida Consumer Collection Practices Act

Plaintiff's second cause of action alleges violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(6), (9), (10). The FCCPA regulates both credit reporting and debt collector collection practices. *Id.* Plaintiff asserts that the FCCPA prohibits "practices of claiming or attempt[ing] to enforce a debt when such person knows that the debt is not

---

[2] The Court notes that the Fair Credit Reporting Act may provide a separate cause of action for credit reporting even though this Florida regulation does not.

legitimate." [ECF No. 1-4, ¶ 44]. Plaintiff further asserts that Defendant violated the FCCPA by making disclosures to credit bureaus about Plaintiff's debt before he had the chance to dispute it, "reporting an account in collection" without his permission, and "cho[osing] to report on [his credit] without any authorization." [*Id.* ¶¶ 43, 45, 47].

But, as Defendant argues, each of these allegations is about credit reporting, not collection practices. And because the FCRA preempts the FCCPA on matters concerning credit reporting, Plaintiff cannot bring his credit reporting claim under the FCCPA. *E.g.*, *Frye v. Capital One Auto Fin.*, No. 1:15-CV-20530, 2015 WL 3540445, at *1–2 (S.D. Fla. June 3, 2015) (holding that the FCRA preempts FCCPA claims based on furnishing information to credit reporting agencies or failing to take FCRA-mandated steps upon being notified of a dispute).

Accordingly, Plaintiff's claims under the FCCPA are dismissed without prejudice. Plaintiff may file an Amended Complaint alleging claims relating to collection practices if any such claims exist.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Hunter Warfield, Inc.'s Motion to Dismiss [ECF No. 4] is **GRANTED**. Plaintiff may file an Amended Complaint within fourteen days of this Order. The Clerk is directed to mark this case **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4